UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRANCE RAY LINCOLN,
    Petitioner,

v.

SUZANNE M. PEERY, Warden,
    Respondent.

Case No. 15-cv-02686-HSG (PR)

**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE**

Re: Dkt. No. 2

## INTRODUCTION

Petitioner, a California state prisoner, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons stated below, respondent is ordered to show cause why the petition should not be granted.

Petitioner also seeks to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. Petitioner has submitted a Certificate of Funds, signed by an authorized officer, that indicates that, for the six months preceding the filing of the IFP application petitioner had an average monthly balance of $24.81 and an average monthly deposit of $108.33 in his inmate trust account. Thus, petitioner's motion for leave to proceed in forma pauperis is DENIED.

## BACKGROUND

The petition and attachments thereto provide the following information: In 2011, in Santa Clara County Superior Court, petitioner was convicted by a jury of kidnapping for ransom or extortion, kidnapping during a carjacking, carjacking, kidnapping for robbery, and criminal threats. The trial court found true two prior prison term allegations and sentenced petitioner to

1 two concurrent terms of life with the possibility of parole, consecutive to four years.  Petitioner
2 filed both a direct appeal and a habeas petition in the California Court of Appeal.  In 2014, the
3 California Court of Appeal affirmed the judgment and denied the state habeas petition.  Petitioner
4 subsequently filed separate petitions for review in the California Supreme Court, which were both
5 denied on October 15, 2014.  The instant action was filed on June 16, 2015.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B. Claims

As grounds for federal habeas relief, petitioner claims: (1) the trial court should have excluded his allegedly coerced confession; (2) defense counsel rendered ineffective assistance by disclosing prejudicial information to the prosecution; (3) the trial court erred in denying his motion for new counsel; (4) the prosecutor committed misconduct by arguing during closing statements that petitioner was no longer entitled to the presumption of innocence; and (5) cumulative error.  Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from respondent.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons,

1. Petitioner's motion to proceed in forma pauperis is DENIED.  Petitioner must pay the

1  $5.00 filing fee within **thirty (30)** days of the date of this order or face dismissal of this action for
2  failure to pay the filing fee.

3      2. The Clerk shall mail a copy of this order and the petition, with all attachments, to the
4  respondent and the respondent's attorney, the Attorney General of the State of California.  The
5  Clerk shall also serve a copy of this order on petitioner.

6      3. Respondent shall file with the Court and serve on petitioner, within **ninety-one (91)**
7  **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules
8  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted
9  based on the claims found cognizable herein.  Respondent shall file with the answer and serve on
10 petitioner a copy of all portions of the state trial record that have been transcribed previously and
11 that are relevant to a determination of the issues presented by the petition.

12     If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
13 Court and serving it on respondent within **thirty-five (35) days** of the date the answer is filed.

14     4. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural
15 grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
16 Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the
17 Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight**
18 **(28) days** of the date the motion is filed, and respondent shall file with the Court and serve on
19 petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

20     5. Petitioner is reminded that all communications with the Court must be served on
21 respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep
22 the Court informed of any change of address and must comply with the Court's orders in a timely
23 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
24 to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.
25 1997) (Rule 41(b) applicable in habeas cases).

26     6. Upon a showing of good cause, requests for a reasonable extension of time will be
27 granted provided they are filed on or before the deadline they seek to extend.

28     7. The California Department of Corrections online inmate locator service confirms that

1  petitioner has been transferred to High Desert State Prison ("HDSP").  Pursuant to Rule 25(d) of
2  the Federal Rules of Civil Procedure, Suzanne M. Peery, the current warden of HDSP, is hereby
3  SUBSTITUTED as respondent in place of petitioner's prior custodian.  Additionally, the Clerk is
4  directed to substitute Warden Suzanne M. Peery on the docket as the respondent in this action.

     8.  The Clerk is further directed to change petitioner's address to Terrance R. Lincoln, #AL-2752, High Desert State Prison, P.O. Box 3030, Susanville, CA 96127-3030.

     This order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated: 10/1/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge